IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA MUHAMMAD,

    Plaintiff,                      No. CIV S-07-0089 LKK KJM P

    vs.

R. LONG, et al.,                      <u>ORDER AND</u>

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On January 11, 2008, the court recommended that this action be dismissed for plaintiff's failure to file an amended complaint. Plaintiff has now filed an amended complaint. Therefore, the court will vacate its January 11, 2008 findings and recommendations.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a
9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    The court has reviewed plaintiff's amended complaint and finds that it is vague
18 and does not contain anything amounting to a coherent statement that can be construed as a legal
19 claim.  It is not clear in any respect how plaintiff believes his rights have been violated and there
20 are not any facts suggesting a violation of his rights has occurred.  For these reasons, and
21 because the court has already given plaintiff an opportunity to cure the deficiencies in his
22 pleadings, the court will recommend that plaintiff's amended complaint be dismissed for failure
23 to state a claim upon which relief can be granted.

24    Accordingly, IT IS HEREBY ORDERED that:
25    1. The court's January 11, 2008 findings and recommendations are vacated; and
26 /////

1       2. The Clerk of the Court is directed to remove plaintiff's amended complaint
2  filed with his January 22, 2008 objections to findings and recommendations and file it
3  separately.
4       IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
5  state a claim upon which relief can be granted.
6       These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, plaintiff may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
12 F.2d 1153 (9th Cir. 1991).
13 DATED:  May 2, 2008.

_____
U.S. MAGISTRATE JUDGE

1
muha0089.frs